# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 203 | **DATE** | 10/19/2012 |
| **CASE TITLE** | *Otto, et al. v. South-East Asia Center* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the amended motion to approve settlement [68-1] is granted in part and denied without prejudice in part. The parties may file a renewed motion for approval which addresses the Court's concerns within 14 days of the date of entry of this order.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

The parties moved for approval of the settlement agreement in this Fair Labor Standards Act case and the Court expressed concern regarding the confidentiality provisions, the scope of the release and the attorney's fees requested. Accordingly, the parties have filed an amended motion for approval of the settlement agreement in which they address these issues.

The parties seek to keep the terms of the settlement confidential. The Court notes as an aside that several of the terms, including the total settlement amount and the scope of the release, are discussed in the publicly-filed motion for approval of settlement, so the basis for the request for confidentiality is not entirely clear. In any event, in the instant motion, the parties assert that a confidential settlement is consistent with the requirements of the FLSA and point to other courts both in and outside of this district that have approved confidentiality provisions in FLSA settlement agreements. However, the Court reiterates its concern that "[t]here is . . . a strong presumption in favor of keeping settlement agreements in FLSA wage-settlement cases unsealed and available for public view." *Brumley v. Camin Cargo Control, Inc.*, Nos. 08–1798 (JLL), 10–2461 (JLL), 09–6128 (JLL), 2012 WL 300583, at *3 (D.N.J. Feb. 1, 2012) (citations and internal quotation marks omitted). While citing to other FLSA cases in which courts have allowed confidential settlement agreements, the parties do not address the merits of the issue (*i.e.*, why the Court should allow a confidential settlement in this FLSA case). Thus, to the extent that the parties seek to have the Court review the proposed agreement in camera and keep the settlement confidential, the motion for approval is denied without prejudice.

As to the scope of the proposed release, which releases both the FLSA and state law wage and hour claims, the parties again note that several courts have approved such releases, and even broader ones, in FLSA cases. But the fact that other courts have approved releases with similar terms does not convince this Court that such a release is appropriate in this case. Thus, this aspect of the motion to approve the proposed

| STATEMENT |
|---|
| settlement is denied without prejudice.

     Finally, the Court noted concern with the amount of the settlement to the plaintiffs ($17,000) versus the amount of the attorney's fees ($31,546,93 in fees and $1,036.40 in costs). The parties assert that the settlement amounts fairly and reasonably resolve the dispute between them. They assert that the settlement amounts to be distributed to the plaintiffs represent a combination of off–the-clock and overtime work performed by the plaintiffs, which were discounted by 30% based on the defenses asserted by the defendants. As to the attorney's fees, the plaintiffs' attorneys state that they spent over 330 hours on the case for a total of $148,860 in fees through the end of September 2012. Based on its review of the plaintiffs' counsel's affidavit and invoices, the Court finds this aspect of the agreement to be fair and reasonable and approves the total settlement amount of $49,583.33, with $17,000 going to the plaintiffs and $32,583.33 being paid to plaintiffs' counsel for fees and costs. |